CRAIN, J.,
dissenting.
| ]The Mountain Laurel policy ■ excludes coverage for vehicles “to which no liability bond or policy, or deposit of cash or securities in lieu of such liability policy, applies at the time of the accident and which- is owned ... by a self-insurer under any applicable motor vehicle law, except a self-insurer that is or becomes insolvent.” While Mountain Laurel offered an answer to interrogatories where the State Military Department states it is “pelf-insured” and that Allen is covered under the State’s “self-insurance,” I do not believe that answer satisfies Mountain Laurel’s burden of proving that there is no genuine issue of fact and that it is entitled to judgment as a matter of law. ,.
The issue presented by the specific language of the Mountain Laurel policy is whether the state is “a self-insurer under any applicable motor vehicle law,” not whether .it is generically “self-insured.” The State Military Department’s answer to discovery does not resolve, that question. Therefore, it is immaterial that, the plaintiff did not oppose that , answer. The policy exclusion requires a self-insurer “under any applicable motor vehicle law.” I disagree with the.Fourth Circuit’s decision in Sumner that reads that provision out of the policy. I would reverse the summary judgment and remand the matter for further proceedings.